IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DARYUS D. SULLIVAN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:21-CV-689-WHA-SRW |
| | ) [WO] |
| RUSSELL COUNTY JAIL *et al.*, | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate incarcerated at the Russell County Jail in Phenix City, Alabama. He brings this 42 U.S.C. § 1983 action alleging that Defendants have failed to protect him from unsafe and unsanitary conditions at the jail and that his First Amendment Rights are violated because inmates are not allowed to talk during "lockdown" hours. He names as Defendants the Russell County Jail, Russell County Sheriff's Department, Sgt. Schroeder, Lt. Johnson, Paul Weatherly, Staff Sgt., and Heath Taylor, Sheriff. He asks the Court to come to the jail facility "unannounced" to speak with him and "to get the government involved in this jail." Doc. 1. Upon review, the court concludes that dismissal of Plaintiff's claims against the Russell County Jail and the Russell County Sherriff's Department prior to service of process is appropriate under and 28 U.S.C. § 1915A(b)(1).[1]

### I. DISCUSSION

Plaintiff names the Russell County Sheriff's Department as a defendant. The law is settled that a county sheriff's department "is not a legal entity and, therefore, is not subject to suit or

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*. Both federal and state law are settled that a county sheriff's department is not a legal entity subject to suit or liability. *Id*.; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991). In light of the foregoing, it is clear that the Russell County Sheriff's Office is not a legal entity subject to suit, and it is, therefore, due to be dismissed.

> Plaintiff also names the Russell County Jail as a defendant. The law is settled that
>
>> in order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." *Id*. While local governments qualify as "persons" under Section 1983, state agencies and penal institutions are generally not considered legal entities subject to suit. *See Grech v. Clayton Cty.*, 335 F.3d 1326, 1343 (11th Cir. 2003). Consequently, a county jail [is] not [a] viable defendant[] under Section 1983. *Williams v. Chatham Cty. Sherriff's Complex*, Case No. 4:07-CV-68, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) ("The county jail . . . has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

*Bell v. Brown*, 2017 WL 3473845, at *5 (S.D. Ga. Aug. 11, 2017); *see Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.").

In light of the foregoing, it is clear the Russell County Jail and the Russell County Sheriff's Department are not a legal entities subject to suit and are, therefore, due to be dismissed as a defendants under 28 U.S.C. § 1915A(b)(1).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Russell County Jail and the Russell County Sheriff's Department be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915A(b)(1);

2. The Russell County Jail and the Russell County Sheriff's Department be TERMINATED as parties; and

3. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that **on or before November 5, 2021**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is further advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 22nd day of October, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge