IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DARYUS D. SULLIVAN, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>LT. JOHNSON, *et al.*, )<br>  )<br>  Defendants. ) | CASE NO. 3:21-CV-689-WHA<br>[WO] |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on October 14, 2021. Doc. 1. On June 7, 2022, because the amended complaint failed to state any viable § 1983 claims, the Court ordered Plaintiff to file a second amended complaint by June 28, 2022. Doc. 26. The Court cautioned Plaintiff that, if he failed to comply with the June 7 order, it would recommend dismissal of the case. *Id.* at 7. To date, Plaintiff has not filed a second amended complaint. Nor has he filed a motion for extension of time or otherwise attempted to justify his failure to comply with the June 7 order.

Therefore, for the reasons in the June 7 order, the amended complaint should be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Alternatively, because of Plaintiff's failure to comply with the Court's June 7 order, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The

authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that the amended complaint (Doc. 19) be DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) or, alternatively, for failure to comply with a court order. It is further RECOMMENDED that this case be CLOSED. The Clerk is DIRECTED to send Plaintiff a copy of this Recommendation.

It is ORDERED that, by **July 21, 2022,** the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-

to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 7th day of July, 2022.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE